**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

WILMER ANTONIO JARQUIN TERCERO,

   Petitioner,

  v.              Case No. 2:26-cv-01382 KWR-JFR

WARDEN, *Otero County Processing Center*,
JOEL GARCIA, *Field Office Director, El Paso,*
*U.S. Immigration and Customs Enforcement,*
TODD LYONS, *Acting Director,*
*Immigration and Customs Enforcement,*
TODD BLANCHE, *Acting U.S. Attorney General, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department*
*of Homeland Security*,

   Respondents.

### <u>ORDER GRANTING IN PART HABEAS PETITION</u>

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (Doc. 1). Petitioner is a noncitizen in ICE detention.  At issue is whether Petitioner should be granted a bond hearing under 8 U.S.C. § 1226(a), or whether he is mandatorily detained under 8 U.S.C. § 1225(b)(2)(A). As explained below, the Court concludes that Petitioner's detention is governed by the discretionary detention provision under § 1226(a) as he is not seeking admission into the United States, and he is entitled to a bond hearing. Having reviewed the parties' pleadings, briefing, and the relevant law, the Court finds that the Petition is well-taken and therefore is **GRANTED in part.** The Court orders Respondents to hold an individualized bond hearing for Petitioner within **seven (7) days** of the entry of this order.

### BACKGROUND

Petitioner is a citizen of Nicaragua in ICE custody.  On or about May 2, 2021, Petitioner entered the United States at an unknown location near San Luis, Arizona.  Doc. 1 at 2; Doc. 10 at 2. Respondents assert that he was not paroled into the country.  Doc. 10 at 2. Petitioner asserts that he voluntarily surrendered to Border Patrol and was released on an order of recognizance through a Form I-220A, which is a form of release under 8 U.S.C. § 1226(a). Doc. 1 at 2, 6.

Petitioner was encountered by ICE in a detention center in Midland, Texas on October 5, 2025, after he was arrested for driving while intoxicated.  Doc. 10 at 2. Petitioner was ordered removed to Ecuador, or in the alternative to Guatemala on February 2, 2026.  Petitioner appealed the removal order.  Doc. 10 at 2. The appeal is pending. Petitioner is currently detained at the Otero County Processing Center in New Mexico.

Petitioner asserts that Respondents have refused to provide him with a bond hearing. Petitioner asserts that his detention without a bond hearing violates his due process rights. He also appears to assert a statutory claim, arguing that he is entitled to a bond hearing under 8 U.S.C. § 1226(a).

On September 5, 2025, the Board of Immigration Appeals issued a decision holding that immigration judges lack authority or jurisdiction to consider bond requests for any person who entered the United States without admission. *Matter of Yajure Hurtado,* 29 I & N Dec. 216 (BIA 2025) ("Immigration Judges lack authority to hear bond requests or to grant bond to aliens who are present in the United States without admission."). In sum, it appears that Petitioner has remained in federal immigration custody without an opportunity to have a bond hearing because his detention has been classified as mandatory under 8 U.S.C. § 1225(b).

Respondents filed a response to the Petition in which they incorporated the arguments they raised in a prior case before the Court. *See* Resp., Doc. 10 at 2-5 (citing *Munoz Teran v. Bondi*,

2:25-cv-1218 KWR-SCY, 2026 WL 161527 (D.N.M. Jan. 21, 2026)). The Respondents' response in *Munoz Teran* did not raise administrative exhaustion or jurisdiction. Moreover, neither the response in this case nor the response in *Munoz Teran* asserted that the petitioner was an arriving alien or detained under 8 U.S.C. § 1225(b)(1). Respondents also do not assert that he was paroled into the United States under § 1182(d)(5)(A) and that his parole was revoked. Rather, here Respondents simply assert that Petitioner is detained under § 1225(b)(2)(A). Therefore, the Court declines to *sua sponte* raise administrative exhaustion or detention under § 1225(b)(1).

## LEGAL STANDARD

Petitioner seeks release from detention under a habeas statute, 28 U.S.C. § 2241. The Constitution guarantees that "absent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). A federal court may grant a writ of habeas corpus to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas*, 533 U.S. at 687-88).

## DISCUSSION

I.    **The discretionary detention provision under § 1226(a) applies to Petitioner, rather than the mandatory detention provision under § 1225(b)(2)(A).**

Petitioner is entitled to a bond hearing under § 1226(a) as he has been present in the United States for years and is not seeking admission into the United States. Mandatory detention under § 1225(b)(2)(A) only applies to noncitizens "seeking admission" into the United States. Despite this statutory language, Respondents argue that the mandatory detention provision under §

1225(b)(2)(A) applies here, as that provision covers not only those who present themselves at the border, but any noncitizen who is present in the United States without admission, pending a decision on removal. *See, e.g., Matter of Yajure Hurtado,* 29 I & N Dec. 216 (BIA 2025) ("Immigration Judges lack authority to hear bond requests or to grant bond to aliens who are present in the United States without admission."). Here, Petitioner was detained while present in the United States. He lived in the United States for years prior to his detention. As the Court has repeatedly explained in prior opinions, which the Court adopts and incorporates herein, the statutory phrase "seeking admission" cannot be interpreted to apply to Petitioner, who has lived in the United States years. *See Barry v. Lyons*, No. 1:26-CV-00504-KWR-KRS, 2026 WL 926218, at *2-5 (D.N.M. Apr. 6, 2026); *Abdikadir v. Mullin,* No. 1:26-CV-00634 KWR-JMR, 2026 WL 895661, at *2-6 (D.N.M. Apr. 1, 2026).[1] Therefore, Petitioner is entitled to a bond hearing under § 1226(a).

Moreover, Respondents admit that Petitioner was not paroled into the United States. Doc. 10 at 2. Instead, Petitioner was previously released on recognizance under § 1226(a). Section 1226(a) allows immigration officers, in their discretion, to detain noncitizens or release them on conditional parole. § 1226(a). Release on one's own recognizance is a form of conditional parole under § 1226(a)(2)(B). *See Matter of Cabrera-Fernandez*, 28 I. & N. Dec. 747, 747 (B.I.A. 2023) ("[They were] released on their own recognizance pursuant to DHS' conditional parole authority

---

[1] The Second, Sixth, Seventh and Eleventh Circuits have rejected Respondents' interpretation. *See Cunha v. Freden*, No. 25-3141-PR, --- F.4th ---, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026); *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, --- F.4th ---, 2026 WL 1243395 (11th Cir. May 6, 2026); *Lopez-Campos v. Raycraft,* --- F.4th ---, 2026 WL 1283891 (6th Cir. May 11, 2026). However, the Fifth and Eighth Circuits have agreed with Respondents. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026) (agreeing with Respondents' interpretation); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 501-08 (5th Cir. 2026) (same).

under . . . 8 U.S.C. § 1226(a)(2)(B)."); *Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007) ("It is apparent that the . . . phrase 'release on recognizance' [is] another name for 'conditional parole' under § 1226(a)."). Release on recognizance is not categorized as "humanitarian" or "public benefit" parole under 8 U.S.C. § 1182(d)(5)(A). Therefore, Petitioner's initial release was authorized by § 1226(a) which indicates that Petitioner cannot now be detained under § 1225(b). *See Matter of M-S-*, 27 I. & N. Dec. 509, 516 (Att'y Gen. 2019) ("Yet [§ 1225] (under which detention is mandatory) and [§ 1226(a)] (under which detention is permissive) can be reconciled only if they apply to different classes of aliens."); *see also Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 485 (S.D.N.Y. 2025) (noting that the respondents did not "dispute that [§§ 1225 and 1226] . . . are mutually exclusive"). Respondents admit that Petitioner was not paroled under § 1182(d)(5)(A). Respondents also do not argue or cite any authority providing that a person released under § 1226(a) can be re-detained under § 1225(b).

## II.    <u>The Court finds that a bond hearing is an appropriate remedy.</u>

Petitioner asserts that he should be released or the Court should in the alternative order a bond hearing. As explained below, the Court orders a bond hearing. Petitioner did not carry his burden to show that the Court is required to release him rather than order a bond hearing. Moreover, he did not demonstrate that the Court should shift the burden at any bond hearing to the Respondents. As explained below, relying in part on the burden of proof and principles of party presentation, the Court declines to immediately release Petitioner. Therefore, exercising its discretion under § 2241, the Court will order an individualized bond hearing.

Petitioner bears the burden of proof of showing that he is entitled to relief or a remedy. *See* 28 U.S.C. § 2241; *Odell v. Hudspeth*, 189 F.2d 300, 302 (10th Cir. 1951) (In § 2241 proceeding, "[t]he burden of proof was upon the petitioner to sustain these allegations."); *see also Espinoza v.*

*Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to unlawful detention [under § 2241] is on the petitioner."); *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) ("[I]t was error for the District Court to effectively impose on the Government the burden of proving that [petitioner] was *not* 'in custody in violation of the Constitution or laws or treaties of the United States' " under § 2241); *see also Smith v. Workman*, 550 F.3d 1258, 1273 (10th Cir. 2008) (noting that, in the context a *Brady* violation, the petitioner "bears the burden of showing that the prosecution suppressed material evidence favorable" to the petitioner); *McDonald v. Feeley*, 535 F. Supp. 3d 128, 135 (W.D.N.Y. 2021) (in § 2241 proceeding challenging his immigration detention, petitioner bears burden of proving by preponderance of evidence that he is detained contrary to law).

Section 1226(a) affords Respondents discretion to detain, release on bond, or parole a noncitizen. Notably, this section does not expressly provide a statutory right to immediate release. Generally, the release or bond decision by an immigration judge involves the weighing of evidence and is discretionary. § 1226(a); *Jennings,* 583 U.S. at 295. Discretionary bond decisions are generally not reviewable. 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). "This provision precludes the Court from reviewing the IJ's decision that denied bond because Petitioner was a flight risk." *Mwangi v. Terry*, 465 F. App'x 784, 786–87 (10th Cir. 2012) ("Therefore, to the extent Mr. Mwangi challenges the agency's discretionary bond decision, the magistrate judge was correct that the court lacked jurisdiction.") (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)); *Jennings,* 583 U.S. at 295 (explaining that § 1226(e) bars a challenge to a discretionary judgment or decision by the Attorney

6

General regarding detention or release but does not preclude challenges to the statutory framework); *see also Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) ("Although we lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision…").

To be sure, federal district courts have broad equitable power in ordering habeas relief. *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992). A federal court is vested with "the largest power to control and direct the form of judgment to be entered in cases brought up before it on *habeas corpus.*" *Hilton v. Braunskill,* 481 U.S. 770, 775 (1987) (citation omitted). "Federal habeas corpus practice ... indicates that a court has broad discretion in conditioning a judgment granting habeas relief." *Id.* In issuing a writ of habeas corpus, a federal court has the power and authority to dispose of habeas corpus matters "as law and justice require." 28 U.S.C. § 2243; *see also Clayton v. Jones*, 700 F.3d 435, 443 (10th Cir. 2012) (noting that § 2243 gives district courts "broad discretion to craft appropriate habeas relief."). "Once a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies." *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971). It is the "nature of the violation" that "determines the scope of the remedy." *Id.* at 16. Generally, the Court has authority to order release. *Munaf v. Geren*, 553 U.S. 674, 693 (2008).

Here, the Court in its discretion would order a bond hearing, as an individualized bond hearing would provide Petitioner with the process he is due under the statute. *See* § 1226(a) (providing that the Attorney General *may* continue to detain a noncitizens pending a decision on removal or *may* release the noncitizen on bond or parole); *see Martinez Escobar v. Baltazar*, No. 26-CV-00296-NYW, 2026 WL 503313, at *4 (D. Colo. Feb. 24, 2026) (ordering bond hearing

rather than immediate release where due process rights were violated by respondents' failure to apply § 1226(a) discretionary detention provisions); *Gutierrez v. Garcia*, No. 2:25-CV-001145-WJ-KRS, 2026 WL 310064, at *5 (D.N.M. Feb. 5, 2026) (noting that process due is an individualized bond hearing); *Velasquez Salazar v. Dedos*, No. 1:25-cv-835, 2025 WL 2676729, at *5 (D.N.M. Sep. 17, 2025) ("Because ... § 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226—namely, an individualized bond hearing before an IJ."). Accordingly, the Court finds that the proper remedy is an individualized bond hearing pursuant to § 1226(a).

Petitioner also does not argue or demonstrate in his Petition that any due process or constitutional violation *requires* his release. He does not cite to any standard or law the Court should apply in deciding whether a due process violation requires his release.  For example, should the Court apply the *Mathews* test in determining whether he should be immediately released, and if so, how does the *Mathews* test apply to the facts of this case to warrant his immediate release? The Court therefore declines to *sua sponte* analyze whether his constitutional claim requires his release over a bond hearing, as this issue was not properly argued or presented to the Court. *See United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself."); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that a court has no obligation to make arguments or perform research on behalf of litigants) (quoting *Pelfresne v. Village of Williams Bay,* 917 F.2d 1017, 1023 (7th Cir.1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in

8

the face of contrary authority, forfeits the point. [The court] will not do his research for him.").[2] The principle of party presentation is particularly appropriate here, where this district court is overwhelmed with habeas petitions, and petitioners request that the Court rule immediately. If the Court were to act as Petitioner's counsel and make arguments or do research on his behalf, it would prejudice other petitioners by delaying a ruling on their petitions. Therefore, Petitioner has not properly placed before the Court the issue of whether he must be immediately released, or he has not carried his burden.

Moreover, Petitioner does not argue or explain why the Court should shift the burden to Respondents on the issues of flight and dangerousness at the bond hearing, and the Court declines to *sua sponte* analyze this issue.

## III. This opinion and the judgment should not be construed as addressing detention under § 1231, if that provision becomes applicable.

The Petition presented the Court with a narrow issue, whether Petitioner's detention *pending a decision on removal* is governed by § 1225 or § 1226.  Once an order of removal has become final, the authority governing a noncitizen's detention shifts to another statutory provision, 8 U.S.C. § 1231(a)(2).  *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 574 (2022) ("After the entry of a final order of removal against a noncitizen, the Government generally must secure the

---

[2] These principles apply even where a party is pro se.  Although pro se pleadings should be construed liberally, a district court may not act as a pro se party's advocate, advancing arguments or facts on their behalf. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.").  Moreover, pro se parties must comply with the same procedural rules and substantive law as counseled parties. *Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir. 1994).

noncitizen's removal during a 90-day removal period, during which the Government "shall" detain the noncitizen.") (citing 8 U.S.C. §§ 1231(a)(1), (2)).

Section 1231 governs the detention of noncitizens "during" and "beyond" the "removal period." 8 U.S.C. § 1231(a)(2)–(6). In general, when a noncitizen is ordered removed, the Attorney General shall remove them within 90 days, known as the "removal period." § 1231(a)(1)(A). The "removal period" begins once a noncitizen's removal order "becomes administratively final," § 1231(a)(1)(B), meaning the order has been affirmed by the BIA or the time for seeking review has expired, 8 U.S.C. § 1101(a)(47)(B). *Riley v. Bondi*, 606 U.S. 259, 267 (2025) ("An order of removal becomes final at the earlier of two points: (1) 'a determination by the [BIA] affirming such order,' or (2) 'the expiration of the period in which the alien is permitted to" petition the BIA for review of the order.') (citation omitted). During the removal period, detention is mandatory. § 1231(a)(2).

Here, no party has asserted that § 1231 applies. Therefore, as of the entry of this order, it appears that the Court retains the ability to order the relief requested in the Petition, i.e., to determine whether §§ 1225 or 1226 applies to his detention pending a decision on removal. The Court's order and judgment should not be construed to opine on whether or when in the future Petitioner may be detained under § 1231.

## IV.    **The Court need not rule on Petitioner's remaining claims.**

Because the Court grants habeas relief, the Court need not address his other claims or enter a declaration. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (finding it unnecessary to address an additional claim in a habeas petition after granting full relief on one claim because "any relief [petitioner] could obtain on that claim would be cumulative."); *Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445 (1988) (stating that "[a] fundamental and longstanding

10

principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them."); *Scott v. Mullin*, 303 F.3d 1222, 1224 (10th Cir. 2002) (declining to address the remaining claims in a habeas petition after already granting habeas relief on one claim). Although Petitioner asserts a due process claim, as explained above he does not demonstrate that he is entitled to release over a bond hearing. Therefore, he has received all relief to which he is entitled.

## CONCLUSION

The Court concludes that Petitioner's detention pending a decision on whether he should be removed from the United States is governed by § 1226(a) as opposed to § 1225(b)(2)(A). Accordingly, the Petition (Doc. 1) is granted in part. Respondents are directed to arrange an individualized bond hearing pursuant to § 1226(a) for Petitioner before an immigration judge within **seven (7) days** of the entry of this Order. **Respondents shall not deny Petitioner bond or parole on the basis that § 1225(b) requires mandatory detention.** However, the Court makes no determination whether or when in the future § 1231 applies to his detention, as it was not briefed or raised in the Petition. The parties are ordered to file a status report within **ten (10) days** of the entry of this order. The Court will enter a separate judgment.

**IT IS THEREFORE ORDERED** that Petitioner's Petition (Doc. 1) is hereby **GRANTED in part** for the reasons described in this Order.

**IT IS FURTHER ORDERED** that Petitioner's Motions (docs. 2, 3) are **DENIED**.

**IT IS FURTHER ORDERED** that Respondents shall provide an individualized bond hearing before an immigration judge for Petitioner pursuant to § 1226(a), as opposed to § 1225(b), within **seven (7) days** of the entry of this order, provided that the Court makes no determination whether or when in the future § 1231 detention provisions may apply.

11

**IT IS FINALLY ORDERED** that the parties are directed to file a status report within **ten (10) days** of the entry of this order.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

12